UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------

| | : | |
|---|---|---|
| JULIE ANNE CHINNOCK, | : | Case No. 1:18-cv-1009 |
| Plaintiff, | : | |
| vs. | : | OPINION & ORDER |
| | : | [Resolving Doc. 6] |
| NAVIENT CORPORATION, *et al.*, | : | |
| Defendants. | : | |

------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Julie Chinnock moves to remand this case to state court, arguing that it was improperly removed under 28 U.S.C. § 1441.[1] She primarily contends that the parties are not completely diverse and that the amount in controversy does not exceed $75,000.[2] She also seeks attorney's fees and costs, arguing that there was no basis for removal. The Court **DENIES** the motion to remand and for fees and costs.

Section 1441 generally allows a defendant in a state-court case to remove that case to federal court if the plaintiff could have originally filed that case in federal court.[3]

Plaintiff Chinnock's complaint includes only state-law claims.[4] As a result, removal in this case was premised on the Court's diversity jurisdiction under 28 U.S.C. § 1332. That statute allows this Court jurisdiction over state law claims where (1) a civil action is between citizens of different states and (2) the controversy's value exceeds $75,000.[5] Chinnock contends that neither requirement is met in this case. The Court disagrees.

Initially, Plaintiff Chinnock argues that the parties are not diverse.[6] But she is mistaken.

---

[1] Doc. 6.
[2] *See generally id.*
[3] 28 U.S.C. § 1441(a).
[4] Doc. 1-2.
[5] 28 U.S.C. § 1332(a)(1).
[6] Doc. 6 at 6–7.

Case No. 1:18-cv-1009
Gwin, J.

Defendant Navient Solutions, LLC, is a limited liability company.[7] As a result, it has "the citizenship of each of its members."[8] In this case, Navient Solutions has only one member: Defendant Navient Corporation, a Delaware corporation with its principle place of business in Delaware.[9] For diversity jurisdiction purposes, the citizenship of a corporation—like Defendant Navient Corporation—is determined by its (1) state of incorporation and (2) principal place of business.[10] So Defendant Navient Corporation is a citizen of Delaware. Moreover, because Navient Corporation is the only member of Navient Solutions, Navient Solutions is also a citizen of Delaware.[11]

Plaintiff Chinnock, for her part, is a resident of either Ohio[12] or Arizona,[13] but not Delaware. The named parties in this case are completely diverse.

Plaintiff Chinnock appears to argue that discovery may reveal that some of her fictitious defendants may be non-diverse.[14] But the removal statute directs the Court to disregard "defendants sued under fictitious names."[15] While Chinnock asks the Court to recognize an equitable exception to that command in this case,[16] there is no basis for such an exception in the statute.

Plaintiff next contends that the amount in controversy in this case is less than $75,000.[17] But that is plainly not true. As Plaintiff Chinnock's original complaint[18] and Defendants' notice of removal[19] make clear, Chinnock is asking the Court to declare that she need not repay over $200,000 in loan debt. Defendants have also attached an affidavit attesting that it services eight federal student

---

[7] Doc. 1 at 3.
[8] *Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009).
[9] Doc. 1 at 3.
[10] 28 U.S.C. § 1332(c)(1).
[11] Plaintiff alleges that Navient Solutions is an Ohio corporation because it is registered as a foreign corporation doing business in Ohio. Doc. 6 at 7. But registration as a foreign corporation does not establish citizenship for diversity jurisdiction purposes. *See KY Solutions Corp. v. Plastic Systems, LLC*, No. 3:12-CV-531, 2012 WL 6043587, at *2 (W.D. Ky. Dec. 5, 2012).
[12] Doc. 1-2 at ¶ 1.
[13] Doc. 1 at 3.
[14] Doc. 6 at 10.
[15] 28 U.S.C. § 1441(b)(1).
[16] Doc. 6 at 10.
[17] *Id.* at 8–10.
[18] Doc. 1-1 at 4–5.
[19] Doc. 1 at 5.

loans obtained by Plaintiff Chinnock and that she presently owes $232,730.56 on those loans.[20] Chinnock is also asking for damages.[21] That is sufficient to satisfy the amount in controversy requirement.[22]

It is true that Plaintiff Chinnock has now amended her complaint to remove the loan amounts from her allegations.[23] But such artful pleading is not sufficient to avoid federal jurisdiction.[24] Defendants claim that Plaintiff Chinnock owes them more than $200,000. And she asks the Court to declare that she does not owe the Defendants any money. The Court therefore finds by a preponderance of the evidence that the amount in controversy in this case exceeds $75,000.[25] After all, if Plaintiff Chinnock does not prevail in this litigation, she will owe Defendants over $200,000.

Finally, Plaintiff Chinnock argues that Defendants lack standing to seek removal because they are not real parties at interest.[26] This is a singularly odd argument. First, because they have been sued, the Defendants obviously have the right to seek removal so long as they meet the requirements of § 1441. And second, this argument suggests that Chinnock has no valid claims against the Defendants. The Court will reserve consideration of this second point until it considers Defendants' motion to dismiss. For now, however, it rejects this argument as a basis for remanding the case.

Because the Court concludes that removal was allowed, it also rejects Plaintiff Chinnock's motion for attorney's fees and costs.

---

[20] Doc. 1-4 at ¶ 7.
[21] Doc. 1-2 at 6.
[22] See *Northup Properties, Inc. v. Chesapeake Appalachia, L.L.C.*, 567 F.3d 767, 770 (6th Cir. 2009) ("[F]or actions seeking a declaratory judgment, we measure the amount in controversy by 'the value of the object of the litigation.'" (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977))); *Grange Mut. Cas. Co. v. Safeco Ins. Co. of Am.*, 565 F. Supp. 2d 779, 783 (E.D. Ky. 2008) ("The general rule is that the amount in controversy is the value to the [plaintiff] of the rights he seeks to protect.").
[23] *See generally* Doc. 1-2.
[24] *See* 14C Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 3725.1 (4th ed. 2018) ("A plaintiff should not be permitted to prevent removal by concealing the value of a claim or by making fraudulent allegations in the complaint.")
[25] 28 U.S.C. § 1446(c)(2)(B). Plaintiff Chinnock argues that the Court should consider only the individual loan amounts rather than the $200,000 plus aggregate amount in calculating the amount in controversy. Doc. 6 at 7–8. But a plaintiff's claims against a single defendant may be aggregated for diversity jurisdiction purposes. *See Naji v. Lincoln*, 665 F. App'x 397, 401 (6th Cir. 2016) ("A single plaintiff may aggregate his separate claims against a single defendant . . . .").
[26] Doc. 6 at 10–13.

For all of those reasons, the Court **DENIES** the motion to remand this case to state court and for attorney's fees and costs.

IT IS SO ORDERED.

Dated: June 21, 2018  *s/ James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE