UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------
:
JULIE ANNE CHINNOCK,            :    Case No. 1:18-cv-1009
                                :
        Plaintiff,               :
                                :
vs.                             :    OPINION & ORDER
                                :    [Resolving Docs. 20, 21, 22, 23, 24, 25, 26,
NAVIENT CORPORATION, *et al.*,  :         30, 32]
                                :
        Defendants.              :
                                :
------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Julie Chinnock asks the Court to reconsider its refusal to remand this case to state court, arguing (once again) that the case was improperly removed under 28 U.S.C. § 1441.[1] She protests that the Court did not give her sufficient time to file a reply brief and erred in declining to remand the case.[2]

The Court is not persuaded by Plaintiff Chinnock's additional arguments in her reply brief and motion to reconsider and **DENIES** her motion to reconsider for the reasons stated in its previous Order.

One point requires further clarification. Plaintiff Chinnock correctly points out that claims against multiple defendants cannot be aggregated to meet the amount in controversy requirement.[3] But even if Plaintiff Chinnock argues that each of the loans at issue are from different lenders, she nonetheless seeks a remedy against Defendants Navient Corporation and Navient Solutions, LLC, with regard to all of the alleged loans. As a result, her claims against those defendants may be aggregated.[4] And the Court may take supplemental jurisdiction over her claims against the remaining

---

[1] Doc. 25.
[2] *Id.*
[3] Doc. 23 at 6–7.
[4] *See Naji v. Lincoln*, 665 F. App'x 397, 401 (6th Cir. 2016) ("A single plaintiff may aggregate his separate claims against a single defendant . . . .").

Case No. 1:18-cv-1009
Gwin, J.

defendants.[5]

The parties have also filed a number of other motions.

First, Plaintiff Chinnock has filed two motions for summary judgment.[6] In light of the early stage of this litigation, the Court will hold those motions in abeyance until discovery has proceeded further.

Second, Plaintiff Chinnock has informed the Court that she believes that counsel for the Navient Defendants have engaged in unauthorized practice of law.[7] The Court sees no evidence of unethical behavior on the part of the Navient Defendants' counsel and **DENIES** what it construes as a request for sanctions.

Third, Plaintiff Chinnock filed a notice with the Court stating that she has identified some or all of the John Doe defendants in her complaint.[8] The Court construes this as a motion to amend the complaint and **GRANTS** that motion. Chinnock should file any amended complaint naming additional defendants within fourteen days of this Order. In light of the potential for amendment, the Court will hold the Navient Defendants' motion to dismiss in abeyance.

Fourth, Plaintiff Chinnock moves to strike some portions of the Navient Defendants' motion to dismiss, arguing that they are derogatory or incorrect.[9] The Court **DENIES** that motion. The statements Chinnock challenges essentially reflect differing views of the facts of the case or confusion about Plaintiff's arguments. Those are not reasons to strike portions of the motion to dismiss.

Fifth, the Court rejects Plaintiff Chinnock's claim that the Electronic Filing System's (ECF) requirements elevate substance over form, may chill legal practice or the rule of law, or pose any threat to the administration of justice.[10] Resources to assist counsel in utilizing the system are

---

[5] *See* 28 U.S.C. § 1367.
[6] Doc. 20; Doc. 32.
[7] Doc. 22 at 4–6; Doc. 24.
[8] Doc. 26.
[9] Doc. 22 at 1–4.
[10] Doc. 30 at 1.

Case No. 1:18-cv-1009
Gwin, J.

plentiful and attorneys throughout the country have been able to utilize it without any discernable impact on either the rule of law or their ability to effectively represent their clients. Plaintiff's counsel's preference for paper filing is not grounds for changing the Court's rule nor is it evidence of any fundamental defect in the ECF.

Finally, Plaintiff Chinnock requests that she and her counsel be allowed to attend the July 25, 2018, case management conference by telephone.[11] The Court **DENIES** that motion.

For those reasons, the Court **GRANTS** Plaintiff Chinnock's motion for leave to amend her complaint. Any amendment to the complaint must be filed within fourteen days of this Order. The Court will hold the Navient Defendants' motion to dismiss in abeyance pending the filing of an amended complaint.

The Court **DENIES** Plaintiff Chinnock's motion to reconsider the Court's denial of the earlier motion to remand, her motion for sanctions, her motion to strike, and her motion to appear by telephone. It will hold Plaintiff Chinnock's motion for summary judgment in abeyance pending further discovery.

IT IS SO ORDERED.

Dated: July 17, 2018                    *s/      James S. Gwin*
                                         JAMES S. GWIN
                                         UNITED STATES DISTRICT JUDGE

---

[11] Doc. 21.