UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------

| | : | |
|---|---|---|
| JULIE ANNE CHINNOCK, | : | |
| | : | Case No. 1:18-cv-1009 |
| Plaintiff, | : | |
| | : | |
| vs. | : | OPINION & ORDER |
| | : | [Resolving Docs. 41, 42] |
| NAVIENT CORPORATION, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Julie Chinnock has sued Defendant Navient Corporation and others, seeking a declaratory judgment holding that she need not repay various student loans Navient is servicing. Defendant Navient now seeks a protective order regarding financial, confidential, proprietary, and other sensitive information.[1] Although Plaintiff Chinnock apparently consented to such an order at one point, she now opposes the order, arguing that Defendant Navient has failed to comply with other orders of the Court.[2] She also says that she withdrew the earlier consent she provided to opposing counsel and that opposing counsel has concealed that fact from the Court.[3]

Rule 26(c) of the Federal Rules of Civil Procedure permits a court to "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" during the discovery process.[4] The rule "confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required."[5]

The Court, having reviewed the proposed protective order and related filings in this case, believes that a protective order is warranted, but only as to a limited subset of documents that may

---

[1] Doc. 41 at ¶ 2.
[2] *Compare* Doc. 41-2 (signing an agreement to be bound by the proposed order) *with* Doc. 42 (opposing the proposed order based on discovery-related concerns).
[3] *Id.*
[4] Fed. R. Civ. P. 26(c)(1).
[5] *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

be produced.

The Court will **GRANT** the protective order only as to statutorily protected information, the sensitive financial information of *non-parties* (including the payment history or identifying information of customers other than Plaintiff Chinnock), and any medical or psychological records (including Chinnock's) as may be relevant to this case. The Court **DENIES** the request for a protective order as to all other discovery produced in this case. The parties are apparently unable to agree on what should be protected and the Court does not think that the evidence relevant to this case (other than the limited subset discussed above) will implicate the concerns outlined in Rule 26(c).

The Court **INCORPORATES BY REFERENCE** the terms of the proposed order filed as Document 41-1, except that:

1. Paragraph three of proposed order should be disregarded to the extent it is inconsistent with the Court's ruling in the preceding paragraph; and

2. Paragraph 5(b) is modified to add the Court to the list of parties to which protected information may be disclosed—so long as the parties comply with the other provisions of the proposed order, such as those discussing filing documents under seal.

The Court also observes that parties should take care to omit or redact from any public filings any sensitive personal information, such as social security numbers and account numbers.

IT IS SO ORDERED.

Dated: August 14, 2018      *s/      James S. Gwin*
                            JAMES S. GWIN
                            UNITED STATES DISTRICT JUDGE