UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------
                                                :
JULIE ANNE CHINNOCK,                            :
                                                :    Case No. 1:18-cv-1009
         Plaintiff,                             :
                                                :
vs.                                             :    OPINION & ORDER
                                                :    [Resolving Docs. 5, 20, 46, 50, 54]
NAVIENT CORPORATION, *et al.*,                  :
                                                :
         Defendants.                            :
                                                :
------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this case, a Washington resident sues non-Ohio Defendants, for conduct apparently unconnected to Ohio. The Court lacks jurisdiction over Defendants and venue is improper.

For the following reasons, the Court **GRANTS** Defendants' second motion to dismiss. It **DENIES** Defendants' first motion to dismiss. And the Court **DENIES** Plaintiff's motions to remand, for summary judgment, and to compel discovery and impose sanctions.

## I.     Background

Plaintiff Julie Anne Chinnock racked up hundreds of thousands of dollars in student loan debt pursuing two undergraduate and three graduate degrees.[1] In this lawsuit, she claims she paid off her debt in full but "does not have . . . any documents regarding her student loans because such documents were lost during her travels."[2] She also does not identify where she went to school, where she took out the loans, where she paid off the loans, or where the loan servicing took place.[3]

---

[1] Doc. 43 at ¶ 2.
[2] *Id.*
[3] Defendants claim Plaintiff attended school in Oregon and California (Doc. 50-2 at 8 n.5) and that they serviced her loans in Arizona, California, and Washington (Doc. 5-3 at ¶ 15).

Case No. 1:18-cv-1009
Gwin, J.

Plaintiff currently lives and works in Seattle, Washington,[4] but claims to be a domiciliary of Ohio.[5] She does not, however, indicate if, when, or for how long, she lived in Ohio.

Defendants Navient Corporation ("Navient Corp."), Navient Solutions, LLC ("Navient Solutions"), and Navient Student Loan Trust 2014-3 ("Navient Trust") service Plaintiff's loans, and contend that Plaintiff still owes $232,730.56.[6] Navient Corp. is a Delaware incorporated corporation, with its principal place of business in Delaware.[7] Navient Solutions appears to be a Delaware entity, with its principal place of business in Virginia.[8] And Navient Trust appears to be a Delaware entity.[9]

In March 2018, Plaintiff brought this suit in Ohio state court, seeking a declaration that she has paid off her debt.[10] Defendants removed the case on diversity grounds[11] and then moved to dismiss for Ohio's lack of personal jurisdiction over the Defendants and for improper venue.[12] The Court held the motion in abeyance pending the filing of Plaintiff's new complaint.[13]

On August 9, 2018, Plaintiff filed a second amended complaint, which purported to add the United States Department of Education (the "Department") as a defendant—although, as discussed *infra*, Plaintiff never properly served the Department.[14] Defendants

---

[4] Doc. 35 at 1.
[5] Doc. 43 at ¶ 2.
[6] Doc. 5-3 at ¶ 8.
[7] *Id.* at ¶ 7; Doc. 1-1 at 3, 30.
[8] Doc. 5-3 at ¶ 7.
[9] Doc. 50-2 at 5.
[10] Doc. 1-1.
[11] Doc. 1.
[12] Doc. 5. Plaintiff opposes. Doc. 44.
[13] Doc. 34.
[14] Doc. 43.

Case No. 1:18-cv-1009
Gwin, J.

again moved to dismiss.[15]

For her part, Plaintiff filed a flurry of motions, most of which the Court has already addressed. Still pending though, are Plaintiff's motions for summary judgment,[16] for remand,[17] and to compel discovery and impose sanctions.[18] The Court now considers all pending motions.

## II. Remand Is Not Appropriate

Plaintiff has twice moved to remand this case to state court.[19] Undeterred by the Court's prior denials, Plaintiff moves yet again.[20] This time, she argues that the Department—which she first named as a party in August 2018—failed to consent to a May 2018 removal. But only those "defendants who have *been properly joined and served* must . . . consent to the removal of the action";[21] Plaintiff never served the Department of Education.[22]

Here, Plaintiff was required to deliver the summons and complaint to: (i) the United States Attorney for this district (or authorized designee),[23] (ii) the United States Attorney General,[24] and (iii) the Department.[25]

Plaintiff, however, served only one person: Pam Rosendale of the Department of Education's Colorado office.[26] Pam Rosendale is not the United States Attorney for this

---

[15] Doc. 50. Plaintiff opposes. Docs. 55, 56. Defendants reply. Doc. 58.
[16] Doc. 20. Defendants oppose. Doc. 29. Plaintiff replies. Doc. 32.
[17] Doc. 46. Defendants oppose. Doc. 57. Plaintiff replies. Doc. 60.
[18] Doc. 54.
[19] Docs. 6, 25.
[20] Doc. 46.
[21] 28 U.S.C. § 1446(b)(2)(A) (emphasis added).
[22] The Department of Education has protested service. Doc. 63.
[23] Fed. R. of Civ. P 4(i)(1)(A).
[24] Fed. R. of Civ. P 4(i)(1)(B).
[25] Fed. R. of Civ. P 4(i)(2).
[26] Doc. 46-1.

district. Nor is Pam Rosendale Jeff Sessions. Thus, Plaintiff, at best, served one for three service persons. The Court denies her motion to remand.

### III. Defendants Have Not Waived Personal Jurisdiction

Defendants move to dismiss for, *inter alia*, lack of personal jurisdiction. Conversely, Plaintiff argues that Defendants waived this defense.[27] Defendants waived personal jurisdiction if they: (i) gave "Plaintiff a reasonable expectation that Defendants w[ould] defend the suit on the merits" or (ii) "cause[d] the [C]ourt to go to some effort that would be wasted if personal jurisdiction is later found lacking."[28] Defendants have done neither.

Thus far, Defendant Navient Trust has filed: (i) a special appearance,[29] (ii) a motion to dismiss for lack of personal jurisdiction,[30] and (iii) responses to Plaintiff's motions, in which it consistently protested personal jurisdiction.[31] Meanwhile, Defendants Navient Corp. and Navient Solutions have filed: (i) a notice of removal that specifically reserved the personal jurisdiction defense,[32] (ii) two motions to dismiss for lack of personal jurisdiction,[33] (iii) a motion for a protective order,[34] and (iv) responses to Plaintiff's motions, in which they frequently reasserted their personal jurisdiction defense.

From the outset, Defendants have consistently and diligently protested personal jurisdiction. They have litigated the case only to the extent necessary to preserve that defense. Nothing they have done has indicated an intention to defend the case on the merits or caused the Court to expend unnecessary efforts.

---

[27] Doc. 55 at 17.
[28] *Gerber v. Riordan*, 649 F.3d 514, 519 (6th Cir. 2011).
[29] Doc. 48.
[30] Doc. 50.
[31] Docs. 57, 59.
[32] Doc. 1.
[33] Docs. 5, 50.
[34] Doc. 41.

Case No. 1:18-cv-1009
Gwin, J.

Plaintiff argues that Defendants' attorneys entered general appearances that qualify as waivers of personal jurisdiction.[35] Not so. Navient Trust's attorneys filed a *special appearance*[36] and, the very same day, moved to dismiss the case for lack of personal jurisdiction.[37] Navient Corp. and Navient Solutions' attorneys did not file notices of appearance at all. To the extent Plaintiff argues that the notice of removal amounts to a general appearance,[38] she is wrong.[39] Further, in their notice of removal, Defendants stated they were preserving their personal jurisdiction defense.[40]

Moreover, the Court doubts that a general appearance qualifies as a *per se* waiver of personal jurisdiction. Plaintiff's entire argument here rests on *Gerber v. Rodian*.[41] There, the defendants litigated for nearly three years before raising personal jurisdiction.[42] The Sixth Circuit concluded that "Defendants' filing of a general appearance . . . constituted . . . a waiver of Defendants' personal jurisdiction defense."[43]

Taken at face value, *Gerber*'s language directly conflicts with an earlier Sixth Circuit case that stated, "[i]n order to object to a court's exercise of personal jurisdiction, it is no longer necessary to enter a 'special appearance.'"[44] The Court must follow the earlier of two conflicting Sixth Circuit decisions.[45] Further, a number of courts in this circuit have

---

[35] Doc. 44 at 16.
[36] Doc. 48.
[37] Doc. 50.
[38] Doc. 44 at 16.
[39] *Wabash W. Ry. v. Brow*, 164 U.S. 271, 279 (1896) ("[T]he filing of a petition for removal does not amount to a general appearance, but to a special appearance only.").
[40] Doc. 1 at 6–7.
[41] 649 F.3d 514 (6th Cir. 2011).
[42] *Id.* at 518–19.
[43] *Id.* at 520.
[44] *Cnty. Sec. Agency v. Ohio Dep't of Commerce*, 296 F.3d 477, 483 (6th Cir. 2002). *See also Haile v. Henderson Nat'l Bank*, 657 F.2d 816, 820 n.4 (6th Cir. 1981).
[45] *United States v. Simpson*, 520 F.3d 531, 539 (6th Cir. 2008).

read *Gerber* narrowly.[46] Finally, *Gerber* is badly out of step with the modern approach to personal jurisdiction[47] and the plain text of Rule 12, which ties waiver to factors other than the manner of appearance.[48] In sum, Defendants did not waive personal jurisdiction.

### IV. Plaintiff Fails To Demonstrate Personal Jurisdiction

Plaintiff bears the burden of demonstrating that the Court has personal jurisdiction over Defendants.[49] At this stage, the Court looks only to the parties' pleadings and affidavits, considering them in the light most favorable to the Plaintiff.[50] And Plaintiff need only make a prima facie showing of jurisdiction.[51] Although this burden is "relatively slight,"[52] after three complaints and fourteen motions, Plaintiff still has not carried it.

Because this is a diversity case, the Court's exercise of personal jurisdiction must be both consistent with the due process requirements of the Fourteenth Amendment and authorized by Ohio law.[53] The Court considers first whether Plaintiff has satisfied constitutional concerns.[54]

There are two types of personal jurisdiction—general and specific—that satisfy due process.[55] To invoke general jurisdiction, Plaintiff must show that Defendants are "at

---

[46] *King v. Taylor*, 694 F.3d 650, 660 n.7 (6th Cir. 2012); *Mattson v. Troyer*, No. 5:15-cv-358, 2016 WL 5338061 (N.D. Ohio Sep. 23, 2016); *Allstate Ins. Co. v. Electrolux Home Prod., Inc.*, No. 1:14-cv-329, 2014 WL 3615382 (N.D. Ohio July 18, 2014); *ABG Prime Grp., LLC v. Innovative Salon Prod.*, No. 17-12280, 2018 WL 3219647 (E.D. Mich. July 2, 2018); *First Franchise Capital Corp. v. Jack in the Box, Inc.*, No. 1:17-cv-397, 2017 WL 3269260 (S.D. Ohio Aug. 1, 2017).

[47] 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1344 (3d ed.1998) ("[T]echnical distinctions between general and special appearances have been abolished.").

[48] Fed. R. Civ. P. 12(h).

[49] *MAG IAS Holdings, Inc. v. Schmuckle*, 854 F.3d 894, 899 (6th Cir. 2017).

[50] *Id.*

[51] *Id.*

[52] *Id.*

[53] *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 888 (6th Cir. 2002).

[54] It seems that courts in this circuit usually consider due process first. *See Bird v. Parsons*, 289 F.3d 865, 871–72 (6th Cir. 2002) ("[I]n evaluating whether personal jurisdiction is proper under Ohio's long-arm statute, we have consistently focused on [constitutional concerns]."); *Paglioni & Associates, Inc. v. WinnerComm, Inc.*, 2:6-cv-276, 2007 WL 852055, *3 (S.D. Ohio March 16, 2007) (Analyzing due process before Ohio law).

[55] *Bristol Myers Squibb Co. v. Super. Ct. of Cal.*, 137 S. Ct. 1773, 1779–80 (2017).

home" in Ohio—meaning being incorporated or having their principal place of business here.[56] Instead, Plaintiff testified that Defendant Navient Corp. is incorporated, and maintains a principal place of business, in Delaware.[57] And Plaintiff does not even bother to allege where Defendants Navient Solutions or Navient Trust are at home.[58] It appears they are Delaware or Virginia based. Meanwhile, Defendants have submitted an affidavit stating that they are incorporated and have principal places of business in either Delaware or Virginia.[59]

Plaintiff argues that "[w]here the defendants maintain contacts with the forum state . . . they can fairly be said . . . [to be] 'residents' of the forum state for jurisdictional purposes."[60] In fact, so confident in the superiority of her own jurisdictional understanding, she later suggests that opposing counsel "inadvertently skipped the first day of the Federal Jurisdiction 101 Course in law school."[61] It is Plaintiff, however, that would do well to consult a hornbook. In 2014, the Supreme Court squarely condemned her argument as "unacceptably grasping."[62]

To invoke specific jurisdiction, Plaintiff must show that (i) Defendants purposefully availed themselves of acting or causing a consequence in Ohio, (ii) the cause of action arose from Defendants' activities in Ohio, and (iii) Defendants' acts have a sufficiently substantial connection to make the exercise of jurisdiction reasonable.[63]

---

[56] *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (holding that general jurisdiction may only be exercised where the defendant is "at home" and that businesses are paradigmatically at home in their place of incorporation and principal place of business).
[57] Doc. 1-1 at 3, 30.
[58] If anything, Plaintiff describes Navient Trust as a "*Delaware* statutory trust." Doc. 43 at ¶ 6 (emphasis added).
[59] Doc. 5-3 at ¶ 7.
[60] Doc. 55.
[61] Doc. 60 at 3.
[62] *Bristol-Myers Squibb Co.*, 137 S. Ct. at 1781 ("A corporation's continuous activity of some sorts within a state . . . is not enough to support the demand that the corporation be amenable to suits unrelated to that activity.").
[63] *Id.*

Plaintiff is, again, one for three.

Plaintiff alleges that Defendants service "billions" of loans in Ohio and, for support, demands that the Court take judicial notice of a smattering of selectively summarized online articles.[64] At this stage, Plaintiff's allegation is likely enough to demonstrate that Defendants purposefully availed themselves of acting in Ohio. But this is where Plaintiff's success ends.

She never claims that *her* cause of action arose from Defendants' activities in Ohio. She does not claim that she attended school, took out loans, paid off loans, or that Defendants serviced her loans, in Ohio. And Defendants have testified that they have *never* serviced Plaintiff's loans in Ohio.[65] Thus, she has not demonstrated her case arises from Defendants' activities in the state.

To the extent that Plaintiff argues that her alleged citizenship in Ohio[66] alone would justify the exercise of jurisdiction, she is wrong.[67] Plaintiff has not demonstrated the constitutional requirements for personal jurisdiction. As such, the Court need not consider whether Ohio law authorizes personal jurisdiction in this case.[68]

Fundamentally, Plaintiff's choice of forum in this case is a mystery. In fact, she herself has twice moved to excuse her personal appearance in court because it would impose an "undue burden for her . . . to travel halfway across the country."[69] No doubt true, but then why file it here? The Court is perplexed as to why Plaintiff would file suit in

---

[64] Doc. 43, Ex. A. Therein, she proposes "adjudicative facts" of such relevance as: "[Betsy] DeVos' financial ties . . . illustrate how motivated she is to monetize [the] public education system" and "Ohio is rated the 45th least affordable state for college."
[65] Doc. 5-3 at ¶ 7.
[66] Doc. 43 at ¶ 2.
[67] *See Walden v. Fiore*, 571 U.S. 277, 283–86 (2014) (holding that, to satisfy due process, the plaintiff's citizenship cannot be the defendant's only case-related connection to the forum state).
[68] Although, the Court notes Ohio law similarly requires a connection between the cause of action and the state.
[69] Doc. 21-3 at 1; Doc. 21-2 at 1; Doc. 35.

an inconvenient forum with no connection to the case. For the stated reasons, the Court grants Defendants' second motion to dismiss for lack of personal jurisdiction.

## V. Venue Is Improper

Defendants also move to dismiss the case for improper venue.[70] Venue would be proper if: (i) a Defendant resided in this district and all Defendants resided in Ohio, (ii) a substantial part of the facts underlying the case occurred in this district, or (iii) if neither of the first two avenues is available, any district where there is personal jurisdiction.[71] None of these options are available here. As discussed *supra*, Defendants do not reside in Ohio, Plaintiff has not alleged that *any* part of the case occurred here, and the Court lacks personal jurisdiction over Defendants. Thus, the Court also grants Defendants' second motion to dismiss for improper venue.[72]

## VI.  The Remaining Motions

The Court turns to the remaining motions. As discussed *supra*, Defendants' first motion to dismiss has been superseded by a new complaint and new motion to dismiss. As such, the Court denies Defendants' first motion to dismiss as moot.

Plaintiff moves for summary judgment arguing that Defendants failed to respond to discovery requests filed in the state action pre-removal.[73] Having concluded that it lacks personal jurisdiction over Defendants, the Court denies the motion. Plaintiff also moves the Court to compel discovery and impose sanctions regarding certain discovery requests filed in this action.[74] Similarly, because the Court must dismiss the case, it denies Plaintiff's

---

[70] Doc. 5; Doc. 55.
[71] 28 U.S.C. § 1391(b)(1)–(3).
[72] 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case lying venue in the wrong division shall dismiss . . . .").
[73] Doc. 20.
[74] Doc. 54.

Case No. 1:18-cv-1009
Gwin, J.

motion as moot.

For the foregoing reasons, the Court **GRANTS** Defendants' second motion to dismiss for improper venue and lack of personal jurisdiction. It **DENIES** Defendants' first motion to dismiss as moot. And it **DENIES** Plaintiff's motions to remand, for summary judgment, and to compel discovery and impose sanctions.

IT IS SO ORDERED.

Dated: October 26, 2018                *s/     James S. Gwin*
                                                   JAMES S. GWIN
                                                   UNITED STATES DISTRICT JUDGE